966 So.2d 943 (2007)
In re AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE.
No. SC07-173.
Supreme Court of Florida.
September 27, 2007.
Corinne Cotton Hodak, Chair, the Civil Procedure Rules Committee, Jacksonville, FL, John F. Harkness, Jr., Executive Director, Madelon Horwich, Bar Staff Liaison, The Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Civil Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Florida Bar Civil Procedure Rules Committee (committee) has filed its regular-cycle report of proposed amendments to the Florida Rules of Civil Procedure. The committee proposes amendments to rules 1.120 (Pleading Special Matters); 1.140 (Defenses); 1.210 (Parties); 1.221 (Condominium Associations); 1.280 (General Provisions Governing Discovery); 1.310 (Depositions Upon Oral Examination); 1.351 (Production of Documents and Things Without Deposition); 1.360 (Examination of Persons); 1.410 (Subpoena); 1.470 (Exceptions Unnecessary);[1] 1.650 (Medical Malpractice Presuit Screening Rule); 1.820 (Hearing Procedures for Non-Binding Arbitration); and forms 1.902 (Summons); 1.910 (Subpoena for Trial); *944 1.911 (Subpoena Duces Tecum for Trial); 1.912 (Subpoena for Deposition); 1.913 (Subpoena Duces Tecum for Deposition); 1.922 (Subpoena Duces Tecum Without Deposition); and 1.982 (Contempt Notice). The committee also proposes new rule 1.526 (Expert Opinion Testimony on Costs and Attorneys' Fees).
Prior to submission to the Court, the proposals were published for comment in The Florida Bar News. Several comments were received by the committee, and in response to those comments, revisions were made to the proposed amendments to rules 1.120 and 1.221. The revised proposals were then published for comment. No further comments were received at that time. After submission to the Court, all of the committee's proposed amendments were published once again for comment in the March 1, 2007, edition of The Florida Bar News. No comments were received in response to the March publication.
Upon consideration of the committee's proposals, the comments filed by interested parties, and the presentations made at oral argument in this case, we adopt the amendments as proposed by the committee, with one exception. In response to a suggestion by one of the authors of an article published in The Florida Bar Journal,[2] the committee proposed new rule 1.526 providing that "[e]xpert opinion is not required to support or oppose a claim or an award of costs, attorneys' fees, or both, unless by prior order of the court." We conclude that the issue of whether expert opinion testimony is required in this context is not one that is appropriately addressed in a rule of procedure. Thus, while we express no opinion on the substance of the committee's proposal, we decline to adopt it as a rule of civil procedure.
The Florida Rules of Civil Procedure are hereby amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2008, at 12:01 a.m.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
RULE 1.120. PLEADING SPECIAL MATTERS
(a) Capacity. It is not necessary to aver the capacity of a party to sue or be sued, the authority of a party to sue or be sued in a representative capacity, or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. The initial pleading served on behalf of a minor party shall specifically aver the age of the minor party. When a party desires to raise an issue as to the legal existence of any party, the capacity of any party to sue or be sued, or the authority of a party to sue or be sued in a representative capacity, that party shall do so by specific negative averment which shall include such supporting particulars as are peculiarly within the pleader's knowledge.
(b)-(g) [No change]
*945 RULE 1.140. DEFENSES
(a) When Presented.
(1) Unless a different time is prescribed in a statute of Florida, aA defendant shall serve an answer within 20 days after service of original process and the initial pleading on the defendant, or not later than the date fixed in a notice by publication. A party served with a pleading stating a crossclaim against that party shall serve an answer to it within 20 days after service on that party. The plaintiff shall serve an answer to a counterclaim within 20 days after service of the counterclaim. If a reply is required, the reply shall be served within 20 days after service of the answer.
(2) (A) Except when sued pursuant to section 768.28, Florida Statutes, the state of Florida, an agency of the state, or an officer or employee of the state sued in an official capacity shall serve an answer to the complaint or crossclaim, or a reply to a counterclaim, within 40 days after service.
(B) When sued pursuant to section 768.28, Florida Statutes, the Department of Financial Services or the defendant state agency shall have 30 days from the date of service within which to serve an answer to the complaint or crossclaim or a reply to a counterclaim.
(23) The service of a motion under this rule, except a motion for judgment on the pleadings or a motion to strike under subdivision (f), alters these periods of time so that if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleadings shall be served within 10 days after notice of the court's action or, if the court grants a motion for a more definite statement, the responsive pleadings shall be served within 10 days after service of the more definite statement unless a different time is fixed by the court in either case.
(34) If the court permits or requires an amended or responsive pleading or a more definite statement, the pleading or statement shall be served within 10 days after notice of the court's action. Responses to the pleadings or statements shall be served within 10 days of service of the pleadings or statements.
(b)-(h) [No change]

Committee Notes
1972 Amendment. Subdivision (a) is amended to eliminate the unnecessary statement of the return date when service is made by publication, and to accommodate the change proposed in rule 1.100(a) making a reply mandatory under certain circumstances. Motions to strike under subdivision (f) are divided into 2 categories, so subdivision (a) is also amended to accommodate this change by eliminating motions to strike under the new subdivision (f) as motions that toll the running of time. A motion to strike an insufficient legal defense will now be available under subdivision (b) and continue to toll the time for responsive pleading. Subdivision (b) is amended to include the defense of failure to state a sufficient legal defense. The proper method of attack for failure to state a legal defense remains a motion to strike. Subdivision (f) is changed to accommodate the 2 types of motions to strike. The motion to strike an insufficient legal defense is now in subdivision (b). The motion to strike under subdivision (f) does not toll the time for responsive pleading and can be made at any time, and the matter can be stricken by the court on its initiative at any time. Subdivision (g) follows the terminology of Federal Rule of Civil Procedure 12(g). Much difficulty has been experienced in the application of this and the succeeding subdivision with the result that the same defenses *946 are being raised several times in an action. The intent of the rule is to permit the defenses to be raised one time, either by motion or by the responsive pleading, and thereafter only by motion for judgment on the pleadings or at the trial. Subdivision (h) also reflects this philosophy. It is based on federal rule 12(h) but more clearly states the purpose of the rule.
1988 Amendment. The amendment to subdivision (a) is to fix a time within which amended pleadings, responsive pleadings, or more definite statements required by the court and responses to those pleadings or statements must be served when no time limit is fixed by the court in its order. The court's authority to alter these time periods is contained in rule 1.090(b).
2007 Amendment. Subdivision (a) is amended to conform rule 1.140 to the statutory requirements of sections 48.111, 48.121, and 768.28, Florida Statutes. The rule is similar to Federal Rule of Civil Procedure 12(a).
RULE 1.210. PARTIES
(a) [No change]
(b) InfantsMinors or Incompetent Persons. When an infanta minor or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the infantminor or incompetent person. An infantA minor or incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infanta minor or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infantminor or incompetent person.

Committee Notes

[No change]
RULE 1.221. HOMEOWNERS' ASSOCIATIONS AND CONDOMINIUM ASSOCIATIONS
A homeowners' or condominium association, after control of such association is obtained by homeowners or unit owners other than the developer, may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all association members concerning matters of common interest to the members, including, but not limited to: (1) the common property, area, or elements; (2) the roof or structural components of a building, or other improvements (in the case of homeowners' associations, being specifically limited to those improvements for which the association is responsible); (3) mechanical, electrical, or plumbing elements serving a property or an improvement or building (in the case of homeowners' associations, being specifically limited to those elements for which the association is responsible); (4) representations of the developer pertaining to any existing or proposed commonly used facility; (5) protests of ad valorem taxes on commonly used facilities; and, in the case of homeowners' associations, (6) defense of actions in eminent domain or prosecution of inverse condemnation actions. If an association has the authority to maintain a class action under this rule, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this rule. Nothing herein limits any statutory or common law right of any individual homeowner or unit owner, or class of such owners, to bring any action that may otherwise be available. An action under this rule shall not be subject to the requirements of rule 1.220.
*947 After control of a condominium association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this rule, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this rule. Nothing herein limits any statutory or common law right of any individual unit owner or class of unit owners to bring any action which may otherwise be available. An action under this rule shall not be subject to the requirements of rule 1.220.

Committee Notes
1980 Adoption. The present rule relating to condominium associations [1.220(b)] is left intact but renumbered as rule 1.221.
2007 Amendment. Consistent with amendments to section 720.303(1), Florida Statutes, homeowners' associations have been added to the rule.
RULE 1.280. GENERAL PROVISIONS GOVERNING DISCOVERY
(a) Discovery Methods. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise and under subdivision (c) of this rule, the frequency of use of these methods is not limited, except as provided in rules 1.200,and rule 1.340, and 1.370.
(b)-(e) [No change]

Committee Notes

[No change]

Court Commentary

[No change]
RULE 1.310. DEPOSITIONS UPON ORAL EXAMINATION
(a) [No change]
(b) Notice; Method of Taking; Production at Deposition.
(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced under the subpoena shall be attached to or included in the notice.
(2) Leave of court is not required for the taking of a deposition by plaintiff if the notice states that the person to be examined is about to go out of the state and will be unavailable for examination unless a deposition is taken before expiration of the 30-day period under subdivision (a). If a party shows that when served with notice under this subdivision that party was unable *948 through the exercise of diligence to obtain counsel to represent the party at the taking of the deposition, the deposition may not be used against that party.
(3) For cause shown the court may enlarge or shorten the time for taking the deposition.
(4) Any deposition may be recorded by videotape without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.
(A) Notice. A party intending to videotape a deposition shall state in the notice that the deposition is to be videotaped and shall give the name and address of the operator.
(B) Stenographer. Videotaped depositions shall also be recorded stenographically, unless all parties agree otherwise.
(C) Procedure. At the beginning of the deposition, the officer before whom it is taken shall, on camera: (i) identify the style of the action, (ii) state the date, and (iii) swear the witness.
(D) Custody of Tape and Copies. The attorney for the party requesting the videotaping of the deposition shall take custody of and be responsible for the safeguarding of the videotape, shall permit the viewing of it by the opposing party, and, if requested, shall provide a copy of the videotape at the expense of the party requesting the copy.
(E) Cost of Videotaped Depositions. The party requesting the videotaping shall bear the initial cost of videotaping.
(5) The notice to a party deponent may be accompanied by a request made in compliance with rule 1.350 for the production of documents and tangible things at the taking of the deposition. The procedure of rule 1.350 shall apply to the request.
(6) In the notice a party may name as the deponent a public or private corporation, a partnership or association, or a governmental agency, and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated shall testify about matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.
(7) On motion the court may order that the testimony at a deposition be taken by telephone. The order may prescribe the manner in which the deposition will be taken. A party may also arrange for a stenographic transcription at that party's own initial expense.
(8) Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
(c)-(h) [No change]

Committee Notes

[No change]

Court Commentary

[No change]
RULE 1.351. PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION
(a) [No change]
*949 (b) Procedure. A party desiring production under this rule shall serve notice on every other party of the intent to serve a subpoena under this rule at least 10 days before the subpoena is issued if service is by delivery and 15 days before the subpoena is issued if the service is by mail. The proposed subpoena shall be attached to the notice and shall state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs; shall include a designation of the items to be produced; and shall state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. A copy of the notice and proposed subpoena shall not be furnished to the person upon whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice, the documents or things shall not be produced under this rule and relief may be obtained pursuant to rule 1.310pending resolution of the objection in accordance with subdivision (d).
(c) [No change]
(d) No Hearing. There shall be no hearing on any objection to production under this rule. Relief may be obtained pursuant to rule 1.310.Ruling on Objection. If an objection is made by a party under subdivision (b), the party desiring production may file a motion with the court seeking a ruling on the objection or may proceed pursuant to rule 1.310.
(e)-(f) [No change]

Committee Notes
1980 Adoption. This rule is designed to eliminate the need of taking a deposition of a records custodian when the person seeking discovery wants copies of the records only. It authorizes objections by any other party as well as the custodian of the records. If any person objects, recourse must be had to rule 1.310.
1996 Amendment. This rule was amended to avoid premature production of documents by nonparties, to clarify the clerk's role in the process, and to further clarify that any objection to the use of this rule does not contemplate a hearing before the court but directs the party to rule 1.310 to obtain the desired production. This amendment is not intended to preclude all communication between parties and nonparties. It is intended only to prohibit a party from prematurely sending to a nonparty a copy of the required notice or the proposed subpoena. This rule was also amended along with rule 1.410 to allow attorneys to issue subpoenas. See Committee Note for rule 1.410.
2007 Amendment. Subdivisions (b) and (d) were amended to permit a party seeking nonparty discovery to have other parties' objections resolved by the court.
RULE 1.360. EXAMINATION OF PERSONS
(a) Request; Scope.
(1) A party may request any other party to submit to, or to produce a person in that other party's custody or legal control for, examination by a qualified expert when the condition that is the subject of the requested examination is in controversy.
(A) When the physical condition of a party or other person under subdivision (a)(1) is in controversy, the request may be served on the plaintiff without leave of court after commencement of the action, *950 and on any other person with or after service of the process and initial pleading on that party. The request shall specify a reasonable time, place, manner, conditions, and scope of the examination and the person or persons by whom the examination is to be made. The party to whom the request is directed shall serve a response within 30 days after service of the request, except that a defendant need not serve a response until 45 days after service of the process and initial pleading on that defendant. The court may allow a shorter or longer time. The response shall state that the examination will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated.
(B) In cases where the condition in controversy is not physical, a party may move for an examination by a qualified expert as in subdivision (a)(1). The order for examination shall be made only after notice to the person to be examined and to all parties, and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
(C) Any minor required to submit to examination pursuant to this rule shall have the right to be accompanied by a parent or guardian at all times during the examination, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the minor's examination.
(2) An examination under this rule is authorized only when the party submitting the request has good cause for the examination. At any hearing the party submitting the request shall have the burden of showing good cause.
(3) Upon request of either the party requesting the examination or the party or person to be examined, the court may establish protective rules governing such examination.
(b)-(c) [No change]

Committee Notes

[No change]
RULE 1.410. SUBPOENA
(a)-(g) [No change]
(h) Subpoena of Minor. Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

Committee Notes

[No change]
RULE 1.650. MEDICAL MALPRACTICE PRESUIT SCREENING RULE
(a)-(b) [No change]
(c) Discovery.
(1) Types. Upon receipt by a prospective defendant of a notice of intent to initiate litigation, the parties may obtain presuit screening discovery by one or more of the following methods: unsworn statements upon oral examination; production of documents or things; and physical examinations. Unless otherwise provided in this rule, the parties shall make discoverable information available without formal discovery. Evidence of failure to comply with this rule may be grounds for dismissal *951 of claims or defenses ultimately asserted.
(2) Procedures for Conducting.
(A) Unsworn Statements. The parties may require other parties to appear for the taking of an unsworn statement. The statements shall only be used for the purpose of presuit screening and are not discoverable or admissible in any civil action for any purpose by any party. A party desiring to take the unsworn statement of any party shall give reasonable notice in writing to all parties. The notice shall state the time and place for taking the statement and the name and address of the party to be examined. Unless otherwise impractical, the examination of any party shall be done at the same time by all other parties. Any party may be represented by an attorney at the taking of an unsworn statement. Statements may be electronically or stenographically recorded, or recorded on video tape. The taking of unsworn statements of minors is subject to the provisions of rule 1.310(b)(8). The taking of unsworn statements is subject to the provisions of rule 1.310(d) and may be terminated for abuses. If abuses occur, the abuses shall be evidence of failure of that party to comply with the good faith requirements of section 766.106, Florida Statutes.
(B) Documents or Things. At any time after receipt by a party of a notice of intent to initiate litigation, a party may request discoverable documents or things. The documents or things shall be produced at the expense of the requesting party within 20 days of the date of receipt of the request. A party is required to produce discoverable documents or things within that party's possession or control. Copies of documents produced in response to the request of any party shall be served on all other parties. The party serving the documents shall list the name and address of the parties upon whom the documents were served, the date of service, the manner of service, and the identity of the document served in the certificate of service. Failure of a party to comply with the above time limits shall not relieve that party of its obligation under the statute but shall be evidence of failure of that party to comply with the good faith requirements of section 766.106, Florida Statutes.
(C) Physical Examinations. Upon receipt by a party of a notice of intent to initiate litigation and within the presuit screening period, a party may require a claimant to submit to a physical examination. The party shall give reasonable notice in writing to all parties of the time and place of the examination. Unless otherwise impractical, a claimant shall be required to submit to only one examination on behalf of all parties. The practicality of a single examination shall be determined by the nature of the claimant's condition as it relates to the potential liability of each party. The report of examination shall be made available to all parties upon payment of the reasonable cost of reproduction. The report shall not be provided to any person not a party at any time. The report shall only be used for the purpose of presuit screening and the examining physician may not testify concerning the examination in any subsequent civil action. All requests for physical examinations or notices of unsworn statements shall be in writing and a copy served upon all parties. The requests or notices shall bear a certificate of service identifying the name and address of the person upon whom the request or notice is served, the date of the request or *952 notice, and the manner of service. Any minor required to submit to examination pursuant to this rule shall have the right to be accompanied by a parent or guardian at all times during the examination, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the minor's examination.
(3) Work Product. Work product generated by the presuit screening process that is subject to exclusion in a subsequent proceeding is limited to verbal or written communications that originate pursuant to the presuit screening process.
(d) [No change]

Committee Notes

[No change]
RULE 1.820. HEARING PROCEDURES FOR NON-BINDING ARBITRATION
(a)-(g) [No change]
(h) Time for Filing Motion for Trial. Any party may file a motion for trial. If a motion for trial is filed by any party, any party having a third-party claim at issue at the time of arbitration may file a motion for trial within 10 days of service of the first motion for trial. If a motion for trial is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(5), Florida Statutes.

Committee Notes
1988 Adoption. Arbitration proceedings should be informal and expeditious. The court should take into account the nature of the proceedings when determining whether to award costs and attorneys' fees after a trial de novo. Counsel are free to file exceptions to an arbitration decision or award at the time it is to be considered by the court. The court should consider such exceptions when determining whether to award costs and attorneys' fees. The court should consider rule 1.442 concerning offers of judgment and section 45.061, Florida Statutes (1985), concerning offers of settlement, as statements of public policy in deciding whether fees should be awarded.
1994 Amendment. The Supreme Court Committee on Mediation and Arbitration Rules recommends that a copy of the local arbitration procedures be disseminated to the local bar.
2003 Amendment. The statutory reference in subdivision (h) is changed to reflect changes in the statutory numbering.
2007 Amendment. Subdivision (h) is amended to avoid the unintended consequences for defendants with third-party claims who prevailed at arbitration but could not pursue those claims in a circuit court action because no motion for trial was filed despite a plaintiff or plaintiffs having filed a motion for trial that covered those claims. See State Dept. of Transportation v. BellSouth Telecommunications, Inc., 859 So.2d 1278 (Fla. 4th DCA 2003).
FORM 1.902. SUMMONS
(a) General Form.

SUMMONS
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant .......
Each defendant is required to serve written defenses to the complaint or petition on .........., plaintiff's attorney, whose address is .........., within 20 *953 days[1] after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
 DATED on ...........
 (Name of Clerk)
 As Clerk of the Court
 By __________________
 As Deputy Clerk
(b) Form for Personal Service on Natural Person.

SUMMONS
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on defendant ............
DATED on .............

CLERK OF THE CIRCUIT COURT
(SEAL)
 (Name of Clerk)
 As Clerk of the Court
 By _________________
 As Deputy Clerk

IMPORTANT
A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).
If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

IMPORTANTE
Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.
*954 Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT
Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).
Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.
_____________________________
Plaintiff/Plaintiff's Attorney
..............................
..............................
Address
Florida Bar No. ...............
(c) Forms for Service by Mail.

(1) Notice of Lawsuit and Request for Waiver of Service of Process.

NOTICE OF COMMENCEMENT OF ACTION
TO: (Name of defendant or defendant's representative)
A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been filed in the (Circuit or County) Court for the .......... and has been assigned case no.: ...........
This is not a formal summons or notification from the court, but is rather my request that you sign the enclosed waiver of service of process form in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 20 days (30 days if you do not reside in the United States) after the date you receive this notice and request for waiver. I have enclosed a stamped self-addressed envelope for your use. An extra copy of the notice and request, including the waiver, is also attached for your records.
If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The lawsuit will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to respond to the complaint until 60 days after the date on which you received the notice and request for waiver.
If I do not receive the signed waiver within 20 days from the date you received the notice and the waiver of service of process form, formal service of process *955 may be initiated in a manner authorized by the Florida Rules of Civil Procedure. You (or the party on whose behalf you are addressed) will be required to pay the full cost of such service unless good cause is shown for the failure to return the waiver of service.
I hereby certify that this notice of lawsuit and request for waiver of service of process has been sent to you on behalf of the plaintiff on .....(date)......
 _________________
 Plaintiff's Attorney or
 Unrepresented Plaintiff

(2) Waiver of Service of Process.

WAIVER OF SERVICE OF PROCESS
TO: (Name of plaintiff's attorney or unrepresented plaintiff)
I acknowledge receipt of your request that I waive service of process in the lawsuit of .......... v. .......... in the .......... Court in ........... I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.
I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.
If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

(describe relationship to person or entity and authority to accept service)
I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.
I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.
 DATED on .........
 ______________
 Defendant or Defendant's
 Representative

Committee Notes
1988 Amendment. Two forms are now provided: 1 for personal service on natural persons and 1 for other service by summons. The new form for personal service on natural persons is included to ensure awareness by defendants or respondents of their obligations to respond.
The summons form for personal service on natural persons is to be used for service on natural persons under the following provisions: sections 48.031 (service of process generally), 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.183 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state), Florida Statutes.
The former, general summons form is to be used for all other service by summons, including service under sections 48.061 (service on partnership), 48.071 (service on agents of nonresidents doing business in the state), 48.081 (service on corporation), 48.101 (service on dissolved corporations), *956 48.111 (service on public agencies or officers), 48.121 (service on the state), 48.131 (service on alien property custodian), 48.141 (service on labor unions), 48.151 (service on statutory agents for certain purposes), Florida Statutes, and all statutes providing for substituted service on the secretary of state.
The form for personal service on natural persons contains Spanish and French versions of the English text to ensure effective notice on all Floridians. In the event of space problems in the summons form, the committee recommends that the non-English portions be placed on the reverse side of the summons.
1992 Amendment. (b): The title is amended to eliminate confusion by the sheriffs in effecting service.
1996 Amendment. Form 1.902(c) was added for use with rule 1.070(i).
2007 Amendment. Subdivision (a) is amended to conform form 1.902 to the statutory requirements of sections 48.111, 48.121, and 768.28, Florida Statutes. The form is similar to Federal Rule of Civil Procedure Form 1.
FORM 1.910. SUBPOENA FOR TRIAL
(a) For Issuance by Clerk.

SUBPOENA
THE STATE OF FLORIDA:
TO .........:
YOU ARE COMMANDED to appear before the Honorable .........., Judge of the Court, at the .......... County Courthouse in .........., Florida, on .........., at ......m., to testify in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
 DATED on .........
 (Name of Clerk)
 As Clerk of the Court
 By ________________
 As Deputy Clerk
____________________________
Attorney for ................
............................
............................
Address
Florida Bar No. ............
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.
(b) For Issuance by Attorney of Record.

SUBPOENA
THE STATE OF FLORIDA:
TO .........:
YOU ARE COMMANDED to appear before the Honorable ......... Judge of *957 the Court, at the .......... County Courthouse in ........., Florida, on .....(date)....., at ......m., to testify in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
 DATED on .............
 (Name of Attorney)
 For the Court
______________________________
Attorney for ..................
..............................
..............................
Address
Florida Bar No. ..............
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.
Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
FORM 1.911. SUBPOENA DUCES TECUM FOR TRIAL
(a) For Issuance by Clerk.

SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO ..........:
YOU ARE COMMANDED to appear before the Honorable ........., Judge of the Court, at the ....... County Courthouse in .........., Florida, on .....(date)....., at ......m., to testify in this action and to have with you at that time and place the following: ........... If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
 DATED on ...........
 (Name of Clerk)
 As Clerk of the Court
 By _________________
 As Deputy Clerk
______________________________
Attorney for ...................
...............................
...............................
Address
Florida Bar No. ...............
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or *958 that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.
(b) For Issuance by Attorney of Record.

SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO ..........:
YOU ARE COMMANDED to appear before the Honorable ........., Judge of the Court, at the ....... County Courthouse in ........., Florida, on .....(date)....., at .....m., to testify in this action and to have with you at that time and place the following: ......... If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
 DATED on .........
 (Name of Attorney)
 For the Court
____________________________
Attorney for ..................
..............................
..............................
Address
Florida Bar No. ...............
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.

Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
FORM 1.912. SUBPOENA FOR DEPOSITION
(a) For Issuance by Clerk.

SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA:
TO .........:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at ........ in ........., Florida, on .....(date). . . ., at ......m., for the taking of your deposition in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the *959 court, you shall respond to this subpoena as directed.
 DATED on ..........
 (Name of Clerk)
 As Clerk of the Court
 By _________________
 As Deputy Clerk
______________________________
Attorney for ..................
..............................
..............................
Address
Florida Bar No. ..............
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this deposition, you may request such assistance by contacting [identify attorney or party taking the deposition by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.
(b) For Issuance by Attorney of Record.

SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA:
TO ........:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at ......... in ......., Florida, on .....(date)....., at ......m., for the taking of your deposition in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
 DATED on .............
 (Name of Attorney)
 For the Court
___________________________
Attorney for ................
............................
............................
Address
Florida Bar No. .............
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this deposition, you may request such assistance by contacting [identify attorney or party taking the deposition by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.

Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
*960 FORM 1.913. SUBPOENA DUCES TECUM FOR DEPOSITION
(a) For Issuance by Clerk.

SUBPOENA DUCES TECUM FOR DEPOSITION
THE STATE OF FLORIDA:
TO ........:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at ........ in ........., Florida, on. . . . (date)...... at ......m., for the taking of your deposition in this action and to have with you at that time and place the following: ........ If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
 DATED on ..............
 (Name of Clerk)
 As Clerk of the Court
 By __________________
 As Deputy Clerk
_______________________________
Attorney for .....................
.................................
.................................
Address
Florida Bar No. .................
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this deposition, you may request such assistance by contacting [identify attorney or party taking the deposition by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.
(b) For Issuance by Attorney of Record.

SUBPOENA DUCES TECUM FOR DEPOSITION
THE STATE OF FLORIDA:
TO .........:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at ......... in ........., Florida, on. . . . (date)....., at ......m., for the taking of your deposition in this action and to have with you at that time and place the following: .......... If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
 DATED on .........
 (Name of Attorney)
 For the Court
___________________________
Attorney for ...............
...........................
...........................
Address
Florida Bar No. ............
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during *961 the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this deposition, you may request such assistance by contacting [identify attorney or party taking the deposition by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.

Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
FORM 1.922. SUBPOENA DUCES TECUM WITHOUT DEPOSITION
(a) When Witness Has Option to Furnish Records Instead of Attending Deposition; Issuance by Clerk.

SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO .........:
YOU ARE COMMANDED to appear at ......... in ........, Florida, on .....(date)....., at ......m., and to have with you at that time and place the following: ..........
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,
you may be in contempt of court. You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
 DATED on .........
 (Name of Clerk)
 As Clerk of the Court
 By _________________
 As Deputy Clerk
_____________________________
Attorney for ...................
...............................
...............................
Address
Florida Bar No. ...............
If you are a person with a disability who needs any accommodation in order to respond to this subpoena, you may request such assistance by contacting [identify attorney or party taking the deposition by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.
*962 (b) When Witness Must Appear and Produce the Records; Issuance by Clerk.

SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO: .........:
YOU ARE COMMANDED to appear at ......... in ........, Florida, on. . . . (date)....., at ......m., and to have with you at that time and place the following: ..........
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear or furnish the records at the time and place specified instead of appearing; or
(2) object to this subpoena,
you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this subpoena, and unless excused from this subpoena by the attorney or the court, you shall respond to this subpoena as directed.
 DATED on ..........
 (Name of Clerk)
 As Clerk of the Court
 By ____________________
 As Deputy Clerk
_______________________________
Attorney for ....................
................................
................................
Address
Florida Bar No. ................
If you are a person with a disability who needs any accommodation in order to respond to this subpoena, you may request such assistance by contacting [identify attorney or party taking the deposition by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.
(c) When Witness Has Option to Furnish Records Instead of Attending Deposition; Issuance by Attorney of Record.

SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO ........:
YOU ARE COMMANDED to appear at ......... in ........., Florida, on .....(date)....., at ......m., and to have with you at that time and place the following: ..........
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:

*963 (1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,
you may be in contempt of court. You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
 DATED on .........
 (Name of Attorney)
 For the Court
____________________________
Attorney for ..................
..............................
..............................
Address
Florida Bar No. ..............
If you are a person with a disability who needs any accommodation in order to respond to this subpoena, you may request such assistance by contacting [identify attorney or party taking the deposition by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.
(d) When Witness Must Appear and Produce the Records; Issuance by Attorney of Record.

SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO .......:
YOU ARE COMMANDED to appear at ......... in ........., Florida, on. . . . (date)....., at ......m., and to have with you at that time and place the following: ..........
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear or furnish the records at the time and place specified instead of appearing; or
(2) object to this subpoena,
you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this subpoena, and unless excused from this subpoena by the attorney or the court, you shall respond to this subpoena as directed.
 DATED on ...........
 (Name of Attorney)
 For the Court
____________________________
Attorney for ..................
..............................
..............................
Address
Florida Bar No. ..............
If you are a person with a disability who needs any accommodation in order to respond to this subpoena, you may request such assistance by contacting [identify attorney or party taking the deposition by name, address, and telephone number] within 2 working days of your receipt of this subpoena; if you are hearing or voice impaired, call 711.
NOTE: These forms are to be used for production of documents under rule 1.351. Form (a) is used when the person having the records may furnish copies to the attorney requesting the subpoena instead of appearing at the time and place specified in the subpoena and the subpoena is to be issued by the clerk. Form (b) is used when the records must be produced at the *964 time and place specified in the subpoena and the subpoena is to be issued by the clerk. Form (c) is used when the person having the records may furnish copies to the attorney requesting the subpoena instead of appearing at the time and place specified in the subpoena and the subpoena is to be issued by an attorney of record. Form (d) is used when the records must be produced at the time and place specified in the subpoena and the subpoena is to be issued by an attorney of record.

Committee Notes
1980 Adoption. This form is new.
1996 Amendment. Forms (a) and (b) were amended and forms (c) and (d) were added to comply with amendments to rules 1.351 and 1.410.
FORM 1.982. CONTEMPT NOTICE

MOTION AND NOTICE OF HEARING
TO: (name of attorney for party, or party if not represented)
YOU ARE NOTIFIED that plaintiff will apply to the Honorable ..................., Circuit Judge, on .....(date)....., at ......m., in the ................. County Courthouse at .................., Florida, for an order adjudging .....(defendant's name). . . . in contempt of court for violation of the terms of the order or judgment entered by this court on .....(date)....., by failing to .........., and I certify that a copy hereof has been furnished to ................ by mail on .....(date)......
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] within 2 working days of your receipt of this contempt notice; if you are hearing or voice impaired, call 711.
NOTE: The particular violation must be inserted in the motion and notice. A separate motion is unnecessary.
NOTES
[1] The proposed amendments to rule 1.470 are not adopted in this case, but rather are being considered along with additional more substantive amendments to that rule proposed by the Civil Procedure Rules Committee in a separate case, In re Amendments to the Florida Rules of Civil Procedure, The Florida Rules of Criminal Procedure, the Standard Jury Instructions in Civil Cases, and the Standard Instructions in Criminal CasesImplementation of Jury Innovations Committee Recommendations, No. SC05-1091 (Fla. petition filed May 4, 2005).
[2] Robert J. Hauser et al., Is Expert Testimony Really Needed in Attorneys' Fees Litigation? Island Hoppers' Call for Change and Other Ways to Reduce the Burdens of Fees Hearings, Fla. B.J., Jan. 2003, at 38.
[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.