418 So.2d 1241 (1982)
J. Stewart COTTMAN, Jr., Appellant,
v.
Marie Antoinette COTTMAN, Appellee.
No. 81-577.
District Court of Appeal of Florida, Fourth District.
September 8, 1982.
Larry Klein and Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant.
Cheryl Schreiber of Schreiber & Schreiber, Hollywood, for appellee.
GLICKSTEIN, Judge.
The trial court has ably dissected the legal issues involved in the parties' dissolution *1242 of marriage. It fashioned a final judgment which we find to be unflawed but for the award of attorney's fees to the wife.
The parties, both middle-aged and previously divorced, met and married in France in 1968. At the time, appellant-husband was a state department official stationed there and appellee-wife was a French national. They resided together until June of 1977, a year after appellant retired, when appellee was unceremoniously asked to leave the home of appellant's mother. The trial court found appellant thereafter secreted himself until April of 1979, when he surfaced in Florida.
There are three issues before us. The first is whether the trial court erred in awarding the wife $27,000, one-half of the uncommitted proceeds from the sale of the parties' Washington, D.C., home minus the husband's special equity of $8,000. We hold it did not.
The evidence showed the parties acquired the home in 1969 with funds appellant provided from the proceeds of life insurance policies. After residing there for about two years, the parties moved to Europe; they returned to Washington, D.C., in 1975. Because of an existing lease, they did not move back into the home upon their return. In December of 1976, the home was sold and the parties received a net check, payable to them both, for $61,939.58. Appellee endorsed the check and appellant deposited it into his account. With the proceeds the parties had intended to purchase a retirement home.
At trial the parties agreed District of Columbia law governed the disposition of the marital domicile. That law provides for property acquired during the marriage to be distributed within the broad discretion of the court in an equitable, just and reasonable manner. Turpin v. Turpin, 403 A.2d 1144 (D.C. 1979); Benvenuto v. Benvenuto, 389 A.2d 795 (D.C. 1978); Finch v. Finch, 378 A.2d 1092 (D.C. 1977). Appellant has failed to show the division of property ordered by the trial court to be inequitable, unjust or unreasonable.
The second issue is whether the trial court erred by awarding appellee $10,000 as lump sum alimony. We hold it did not.
Appellant sought to prevent the trial court from making this award, as well as the $27,000 award, by painting appellee as a millionairess with a substantial interest in a 400-acre French estate and by relying upon the equitable consideration involved in his execution, one day before marriage, of an antenuptial agreement in which he relinquished any claim upon appellee's property. There is no question he executed the agreement and spent at least $5,000 for renovations to appellee's apartment in her family's property. Beyond that, however, the evidence did not establish with definitive clarity the picture appellant sought to paint.
The testimony actually showed appellee as one of three children owning only a contingency interest in the French acreage. This interest is dependent on appellee surviving her mother. Additionally, there was testimony that loans and the charity of friends and relatives maintained appellee during the separation because appellant had abandoned and failed to support her for almost two years. Other evidence showed appellee incurred medical costs in the $20,000 range as a result of a myocardial infarction for which she was hospitalized in May of 1979. She had no medical insurance funds from which to pay for medical care and appellant kept the insurance checks issued for her benefit. She now has a shortened life expectancy and outstanding loans.
Throughout his two years of inaccessibility appellant was receiving a gross retirement income of $27,747. He continues to receive this amount which is subject to cost of living increments. The trial court recognized that after a twelve year marriage appellee exhibited a need which appellant could satisfy and appellant has failed to show abuse of discretion.
As we stated earlier the only flaw we perceive in the final judgment is the award of attorney's fees to the wife. Her trial counsel verbalized to the trial court his *1243 awareness of the requirement for expert testimony as to the reasonable value of the services he testified he performed. Tanner v. Tanner, 391 So.2d 305 (Fla. 4th DCA 1980). Although he provided the trial court with a petition for payment of attorney's fees, describing the hours expended and costs incurred in representing appellee, the promised expert testimony was never submitted. Because the attorney was fully aware of his obligations and failed to meet them, we reverse the part of the final judgment awarding him a fee without remand for further hearing.
AFFIRMED IN PART AND REVERSED IN PART.
LETTS, C.J., and BERANEK, J., concur.