720 So.2d 266 (1998)
Gilberto RODRIGUEZ and Gladys Rodriguez, his wife, Appellants,
v.
David CAMPBELL, M.D., d/b/a Spinal Associates, Andrew Fox, M.D. and St. Mary's Hospital, Appellees.
Nos. 97-1907, 97-1908.
District Court of Appeal of Florida, Fourth District.
October 1, 1998.
Rehearing Denied November 25, 1998.
*267 Robert A. Rosenblatt of Robert A. Rosenblatt, P.A., Coral Gables, for appellants.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for Appellee David Campbell, M.D.
Joseph H. Lowe of Winitz, Minkin & Lowe, Miami, for Appellee St. Mary's Hospital.
POLEN, Judge.
The Rodriguezes appeal two attorney's fees judgments entered in favor of David Campbell, M.D., and St. Mary's Hospital after Dr. Campbell and the hospital succeeded in securing dismissal of the Rodriguezes' underlying medical malpractice action. We reverse the orders and remand for the trial court to make additional findings.
We find merit in three arguments presented by the Rodriguezes. First, we agree the fee awards are deficient because they contain only bottom line fee totals, without any express findings regarding the number of hours reasonably expended or a reasonable hourly rate. An order awarding fees must expressly determine the number of hours reasonably expended on the litigation and the reasonable hourly rate for the type of litigation involved. Kelly v. Tworoger, 705 So.2d 670, 673 (Fla. 4th DCA 1998). We are unable to hold the error harmless because the record contains no oral findings regarding hours reasonably expended and reasonable hourly rate. Id.
Next, we agree with the Rodriguezes that the trial court should have awarded only those costs recoverable under the Statewide Uniform Guidelines for Taxation of Costs and incurred during the investigation and evaluation period. See Barnes v. City of Dunedin, 666 So.2d 574, 575 (Fla. 2d DCA 1996). On remand, the trial court should strike the inappropriate costs.
Finally, we agree with the Rodriguezes that an award of attorney's fees must be supported by expert evidence, including the testimony of the attorney who performed the services. Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981). Dr. Campbell and St. Mary's Hospital presented expert testimony substantiating their attorney fee claims including extensive direct and cross-examination regarding individual entries contained in their attorney's fee affidavits; however, the timekeeper attorneys for these parties did not testify at the hearings and their attorney's fee affidavits were not admitted into evidence.
*268 Generally, when an attorney's fee or cost order is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the appellate court will reverse the award without remand. E.g., Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981); Warner v. Warner, 692 So.2d 266, 268 (Fla. 5th DCA 1997). However, when the record contains some competent substantial evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the services, or testimony from additional expert witnesses, the appellate court will reverse and remand the order for additional findings or an additional hearing, if necessary. E.g., Mettler v. Mettler, 569 So.2d 496 (Fla. 4th DCA 1990) (reversing amount of post-judgment, non-appellate attorney ad litem fee award based on insufficient expert testimony and remanding "as to this point"); In re: One 1972 Volvo Vehicle, 489 So.2d 1240 (Fla. 4th DCA 1986) (reversing attorney's fee award because the attorney who performed the services did not personally testify to support the award, and remanding for a new trial limited to the issue of attorney's fees); In re: Estate of Lopez, 410 So.2d 618 (Fla. 4th DCA 1982) (reversing orders awarding attorney's fee and appraiser's fee due to lack of competent substantial evidence of services performed and reasonable value of services, and remanding for further hearing); Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981) (reversing award assessed solely on expert witness's testimony absent testimony of trial counsel, and remanding to the trial court for "further hearing in accordance with this opinion"); Tanner v. Tanner, 391 So.2d 305 (Fla. 4th DCA 1980) (reversing award assessed solely on testimony of attorney claiming fee, absent expert testimony substantiating fee, and remanding for further hearing); Geraci v. Kozloski, 377 So.2d 811 (Fla. 4th DCA 1979) (reversing portion of final judgment awarding attorney's fee assessed solely on affidavit of lawyer over objection of opposing party, and remanding with directions to hold evidentiary hearing to determine appropriate amount of fees); Benitez v. Benitez, 337 So.2d 408 (Fla. 4th DCA 1976) (reversing attorney's fee award assessed solely on self-serving testimony and invoice of trial counsel, and remanding "for further proceedings consistent with this opinion").
We located one case in which this court strayed from the general rule, when the fee-seeking attorney admitted to the trial court he was aware of the need for additional expert testimony substantiating the reasonableness of his fees, yet failed to provide the evidence he promised. Cottman v. Cottman, 418 So.2d 1241 (Fla. 4th DCA 1982). Under those circumstances this court refused to remand for further hearing "[b]ecause the attorney was fully aware of his obligations and failed to meet them...." Id. at 1243.
The instant record contains competent substantial evidence supporting the awards of attorney's fees, yet lacks testimony or affidavits from the timekeeper attorneys. On remand this deficiency should be corrected.
GUNTHER, J., and WEINSTEIN, PETER M., Associate Judge, concur.