756 So.2d 110 (1999)
Patricia FITZGERALD, Appellant,
v.
STATE of Florida, Appellee.
No. 98-05022.
District Court of Appeal of Florida, Second District.
December 8, 1999.
Rehearing Denied January 11, 2000.
*111 Roger L. Fishell, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
William Klein, trial counsel for Patricia Fitzgerald, appeals the trial court's decision to sanction him for setting a second deposition of a witness without prior court approval. Klein also contests the amount of the attorney's fees levied as a sanction. We affirm the imposition of the sanction, but reverse as to the amount of the attorney's fees.
Police stopped a vehicle owned and operated by Warren Shacklett and found cocaine inside the vehicle. Police charged Fitzgerald, a passenger in the vehicle, with constructive possession of cocaine. Fitzgerald protested that she had no knowledge of the presence of the cocaine. The State did not charge Shacklett.
During discovery, Klein deposed Shacklett. Ten days prior to trial, Klein subpoenaed Shacklett for a second deposition. The State and Shacklett's attorney moved to quash the subpoena.
The trial court granted both motions to quash the subpoena, and imposed sanctions against Klein pursuant to Florida Rule of Criminal Procedure 3.220. The trial court determined that Klein violated rule 3.220 in two ways. First, the trial court found that Klein's failure to obtain consent of the parties or court approval before setting the second deposition violated rule 3.220(h)(1). Additionally, the trial court found that Klein's failure to make a good faith effort to coordinate the date and time of the deposition with the State Attorney's Office violated the rule.
At the hearing, Shacklett's attorney presented his bill for $807.00, which specified the work he had done to prepare for the hearing on the motion to quash. The trial court then scheduled a second hearing for the next morning to determine the amount of attorney's fees it would impose as a sanction. Klein asked for a continuance of this hearing to prepare, subpoena witnesses, etc. The trial court denied the continuance. At this second hearing, Shacklett's attorney submitted an amended bill in the amount of $1673.78. This bill included time spent after the first hearing to prepare for the second hearing.[1] The record does not include a copy of this bill.
Klein did not cross-examine Shacklett's attorney as to the reasonableness of his bill, nor did Klein present any evidence of his own. Instead, he continued to argue that the trial court should not impose any sanction. The trial court erroneously concluded that it could award $1673.78 because Klein did not cross-examine Shacklett's attorney and did not present any testimony contesting the reasonableness of that amount.
In awarding attorney's fees, the trial court must determine a reasonable hourly rate for the particular services rendered and a reasonable amount of time for the attorney to have spent performing the necessary work. See Fla. R.Crim. P. 3.220(n); Florida Patient's Compensation *112 Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985). Although the attorney can testify as to the amount of time expended, the attorney must present some expert testimony as to what would be a reasonable hourly fee. See Yakubik v. Lee County Bd. of County Comm'rs, 656 So.2d 591, 591-92 (Fla. 2d DCA 1995). Here, the trial court improperly shifted that burden to Klein, and accepted the testimony of Shacklett's attorney because Klein did not present opposing evidence. A trial court cannot set fees solely on the testimony of the attorney seeking the fees. See id. at 592.
Finally, since the record does not include Shacklett's attorney's statement itemizing what work he did after the first hearing, we do not comment on whether the services rendered were reasonable or appropriate.[2] We reverse the amount of the sanction the trial court imposed and remand for an additional hearing consistent with these findings.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and WHATLEY and DAVIS, JJ., Concur.
NOTES
[1] We question whether Shacklett's attorney actually sought "fees for fees." The trial court may award attorney's fees for litigating the issues of entitlement to attorney's fees, but not for litigating the amount of attorney's fees. See State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 833 (Fla.1993); National Portland Cement Co. v. Goudie, 718 So.2d 274 (Fla. 2d DCA 1998).
[2] But see supra note 1.