834 So.2d 285 (2002)
Wolfgang H. BEHM, Lieselotte M. Behm, and Insurance Company of North America, Appellants,
v.
CAPE LUMBER COMPANY, d/b/a Fort Myers Lumber and Supply Co., a Florida corporation, Appellee.
Nos. 2D01-3044, 2D01-4311.
District Court of Appeal of Florida, Second District.
December 20, 2002.
Rehearing Denied January 22, 2003.
*286 Jon D. Parrish of Parrish, White & Lawhon, P.A., Naples, for Appellants.
J. Jeffrey Rice of Goldstein, Buckley, Cechman, Rice & Purtz, P.A., Fort Myers, for Appellee.
SILBERMAN, Judge.
Wolfgang and Lieselotte Behm and Insurance Company of North America (ICNA) appeal a final judgment awarding damages and an order taxing costs and attorney's fees in favor of Cape Lumber Company. We reverse because the Behms should have been permitted to conduct discovery as to information relevant to the claims and defenses that were at issue. Additionally, a directed verdict should have been entered in favor of the Behms on Cape Lumber's claim of unjust enrichment. The other issues raised by the Behms do not require reversal, and we do not address them further.
In 1997 the Behms entered into a contract with a builder, Handcrafted Homes of Lee County, Inc., for the construction of their new house. Pursuant to an account between Cape Lumber and the builder, Cape Lumber provided trusses and lumber for the project. After the builder declared bankruptcy, the Behms hired another general contractor to complete the project, and Cape Lumber filed a claim of lien asserting that it had not been fully paid for the materials. ICNA posted a surety bond that transferred the lien to the bond, as permitted under section 713.24, Florida Statutes (1997).
Eventually, Cape Lumber filed suit to obtain payment from the bond and, in the alternative, to recover damages against the Behms pursuant to a claim for unjust enrichment. The Behms raised several affirmative defenses including that Cape Lumber was fully paid and that the Behms properly made payment to the builder for all sums claimed by Cape Lumber.
The Behms sought discovery relating to financial transactions between Cape Lumber and the builder. The requested discovery included the production of canceled checks and information concerning the builder's account with Cape Lumber. The Behms asserted that they made their required payments to the builder, that the payments made by the builder to Cape Lumber included funds for the materials supplied by Cape Lumber to the project, and that Cape Lumber applied payments that were for the project to other debts owed by the builder. The Behms contended that the requested discovery would reveal whether the builder's checks or other documents contained designations as required under section 713.14, Florida Statutes (1997), identifying the items and projects for which the payments were being made. They also wanted to obtain information and documents to determine whether Cape Lumber and the builder complied with the requirements of chapter 713, Florida Statutes (1997), whether the claim of lien was enforceable, and whether Cape Lumber had been paid for the materials supplied to the project.
The trial court denied the discovery requests. At trial, Cape Lumber presented testimony about its account with the builder, that Cape Lumber properly applied payments made by the builder to debts for various projects, and that Cape Lumber followed the account designations made by the builder. Cape Lumber's witnesses referred to information shown on the checks and other documents even though the trial court did not permit the Behms to obtain that information through pretrial discovery.
A key issue in this case was whether the builder paid Cape Lumber for material used in constructing the Behms' house.
*287 The Behms argue that by denying their discovery requests, the trial court precluded them from establishing that Cape Lumber had been paid but had failed to give credit for the payments relating to the Behms' project. We agree that the trial court erred by not allowing the Behms to fully conduct discovery relating to the payments Cape Lumber received from or on behalf of the builder and whether the payments were properly credited.
Florida Rule of Civil Procedure 1.280(b)(1) allows parties to obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action. Even information that is inadmissible at trial is subject to discovery if it appears to be reasonably calculated to lead to the discovery of admissible evidence. Id.; see also Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Proper discovery includes records and information that are relevant to the calculation of damages. See Fla. Gaming Corp. of Del. v. Am. Jai-Alai, Inc., 673 So.2d 523, 524 (Fla. 4th DCA 1996).
The record reveals no proper basis to support the trial court's denial of the requested discovery, particularly as the information appears to be directly related to Cape Lumber's claim and the Behms' defenses. As a result, the denial of discovery requires our reversal of the final judgment and a new trial once discovery is completed.
The Behms also claim that the trial court erred by not granting a directed verdict against Cape Lumber on its claim for unjust enrichment. We agree. The Behms correctly argue that a directed verdict was required because they made the payments due under their agreement with the builder for the benefits that had been conferred to them. A directed verdict should have been granted even though the builder may have failed to pay Cape Lumber or may have improperly directed Cape Lumber to apply payments to other debts incurred by the builder. See Commerce P'ship v. Equity Contracting Co., 695 So.2d 383, 388-90 (Fla. 4th DCA 1997); Blum v. Dawkins, Inc. 683 So.2d 163, 164 (Fla. 5th DCA 1996); Gene B. Glick Co. v. Sunshine Ready Concrete Co., 651 So.2d 190, 190 (Fla. 4th DCA 1995).
Accordingly, we reverse the final judgment and the order taxing costs and attorney's fees that was entered as a result of the final judgment, and we remand for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND and FULMER, JJ., concur.