932 So.2d 411 (2006)
Michelle SNOW, Appellant,
v.
HARLAN BAKERIES, INC., a foreign corporation, Appellee.
No. 2D05-2644.
District Court of Appeal of Florida, Second District.
April 21, 2006.
*412 Troy J. Iannucci of Latour & Associates, P.A., Tarpon Springs, for Appellant.
Angela C. Flowers of Kubicki Draper, Orlando, for Appellee.
VILLANTI, Judge.
Michelle Snow appeals the trial court's order awarding Harlan Bakeries, Inc., $98,800.29 in trial and appellate attorney's fees and costs entered after Harlan Bakeries successfully defended Snow's suit claiming that she broke her tooth on a foreign object when she bit into a bagel with cream cheese she purchased at an Einstein Bros. Bagels store.[1] Snow raises multiple arguments on appeal; only one has meritthat the trial court erroneously decided the amount of attorney's fees to which Harlan Bakeries was entitled without expert testimony.
Florida has a long-standing practice of requiring testimony of expert fee witnesses to establish the reasonableness of attorney's fees.[2]Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351, 352-53 (Fla.1987) ("[I]t is well settled that the testimony of an expert witness concerning a reasonable attorney's fee is necessary to support the establishment of the fee."). "At a minimum, an award for attorney's fees `requires a predicate of substantial competent evidence in the form of testimony by the attorney performing services and by an expert as to the value of those services.'" Pridgen v. Agoado, 901 So.2d 961, 962 (Fla. 2d DCA 2005) (quoting Cooper v. Cooper, 406 So.2d 1223, 1224 (Fla. 4th DCA 1981)). The attorney moving for fees can testify as to the amount of time he expended, but he must present some expert testimony as to what would be a reasonable hourly fee. Fitzgerald v. State, 756 So.2d 110, 112 (Fla. 2d DCA 1999) (citing Yakubik v. Bd. of County Comm'rs of Lee County, 656 So.2d 591, 591-92 (Fla. 2d DCA 1995)).
Here, Harlan Bakeries' trial and appellate attorneys offered sworn affidavits with attached invoices concerning the amount of time expended and the rate charged. In the affidavits, Harlan Bakeries' attorneys asserted that their fees were reasonable. They also both testified[3] at the attorney's fee hearing that they thought their fees were reasonable. However, there was no testimony from an expert witness on the reasonable amount of the fees.[4] Therefore, the trial court erred in establishing the amount of attorney's fees. See Yakubik, 656 So.2d 591.
*413 Because the trial court determined the amount of attorney's fees without expert testimony, we reverse and remand. We remand because the record is not completely devoid of evidenceboth the trial and appellate attorneys provided sworn affidavits and testified as to their rate and hours. See Rodriguez v. Campbell, 720 So.2d 266, 268 (Fla. 4th DCA 1998) ("[W]hen the record contains some competent substantial evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the services, or testimony from additional expert witnesses, the appellate court will reverse and remand the order for additional findings or an additional hearing, if necessary."). We reject Snow's other arguments concerning the trial court's award of attorney's fees without comment.
Reversed and remanded for determination of amount of fees to be awarded to Harlan Bakeries' trial and appellate attorneys.
NORTHCUTT and LaROSE, JJ., Concur.
NOTES
[1] After the jury entered a verdict in favor of Harlan Bakeries, the trial court granted a new trial. Harlan Bakeries appealed, and this court reversed the order granting a new trial in Harlan Bakeries, Inc. v. Snow, 884 So.2d 336 (Fla. 2d DCA 2004).
[2] Although currently mandated by case law, this requirement has been criticized as "much ado about nothing" by the Fourth District in Island Hoppers, Ltd. v. Keith, 820 So.2d 967, 972 (Fla. 4th DCA 2002) ("At the most basic level, we fail to see what, if any, `guidance' these `fees experts' actually provide to the well-versed trial judges of this state, who ultimately have the responsibility to determine, in their relatively unfettered discretion, whether the hours sought are reasonable, and what hourly fee(s) should be applied."); see also Robert J. Hauser, et al., Is Expert Testimony Really Needed In Attorneys' Fees Litigation? Island Hoppers' Call for Change and Other Ways to Reduce the Burdens of Fees, 77 Fla. B.J. 38 (Jan.2003).
[3] Snow's attorney waived the requirement that Harlan Bakeries' attorneys testify under oath by stating that it did not matter whether the court put Harlan Bakeries' trial attorney under oath because "[h]e's an officer of the court."
[4] Snow's counsel preserved this issue for appeal by repeatedly objecting at the attorney's fees hearing. He argued that an expert was a requirement and even asked for a continuance, noting that it would allow Harlan Bakeries time to get an expert. Snow's counsel renewed his objection at the end of the attorney's fees hearing, stating, "I want to make sure it is clear on the record that we didn't waive their failure of presenting any expert regarding these fees on either the trial level or appellate level." Harlan Bakeries' trial counsel responded, "I certainly don't believe a fee expert is required." Harlan Bakeries' appellate counsel suggested that she attempted to "resolve issues surrounding the attorney's fees request and the question of whether or not we would be proceeding on the affidavits or expert testimony" before the hearing but she "did not get a response back" from Snow's counsel. Thus, Snow's counsel never made any suggestion before the hearing that he would waive the expert requirement and, in fact, strenuously objected at the hearing, preserving the issue for appeal.