ORDER ON MOTION FOR REVIEW OF APPELLATE FEES
 

 ALTENBERND, Judge.
 

 The appellants challenge a final judgment awarding appellate attorney’s fees pursuant to the order on attorney’s fees entered by this court on June 6, 2007. We review the order as authorized by Florida Rule of Appellate Procedure 9.400(c).
 
 See Pellar v. Granger Asphalt Paving, Inc.,
 
 687 So.2d 282, 284 (Fla. 1st DCA 1997) (noting that “the correct method of seeking review of an order on appellate costs or attorney’s fees is to file a motion for review” under rule 9.400(c));
 
 Zaremba Fla. Co. v. Klinger,
 
 550 So.2d 1131, 1132 (Fla. 3d DCA 1989) (treating the appeal of an order on attorney’s fees entered after a remand from the district court as a motion for review of fees under rule 9.400(c)). We disapprove the order in part and remand for further proceedings.
 
 [1]
 

 There have been extensive appellate proceedings between these parties.
 
 See Lipson v. Ariba, Inc.,
 
 11 So.3d 950 (Fla. 2d DCA 2009) (table decision);
 
 Sourcetrack, LLC v. Ariba, Inc.,
 
 961 So.2d 948 (Fla. 2d DCA 2007) (table decision);
 
 Sourcetrack, LLC v. Ariba, Inc.,
 
 958 So.2d 523 (Fla. 2d DCA 2007). After this court authorized an award of appellate attorney’s fees for the appellees, the trial court awarded fees in the amount of $302,617.75 against the appellants, jointly and severally. The appellants argue that the fees should have been apportioned among them. We disagree and conclude that, under the facts of this case, the trial court did not err in awarding the fees jointly and severally.
 

 The appellants also argue that the trial court erred because it did not require the appellees to present any expert testimony concerning the reasonable and necessary attorney’s fees for the defense of this appeal. The trial court relied on earlier expert testimony relating to reasonable fees for work in the trial court. Those rates were actually lower than some of the rates that the trial court awarded in this case.
 

 
 *768
 
 Although the standard of review of an order setting an amount of appellate attorney’s fees is often described as abuse of discretion,
 
 see, e.g., Gen. Motors Acceptance Corp. v. Laesser,
 
 791 So.2d 517, 519 (Fla. 4th DCA 2001), that discretion can only be exercised by a court after it has received competent, substantial evidence permitting a discretionary decision. There is currently some debate about whether trial judges should be given greater latitude to award attorney’s fees without always receiving expert testimony from attorneys uninvolved in the case.
 
 See, e.g., Sea World of Fla., Inc. v. Ace Am. Ins. Cos., Inc.,
 
 28 So.3d 158, 159 (Fla. 5th DCA 2010);
 
 In re Amendments to Fla. Rules of Civil Procedure,
 
 966 So.2d 943, 944 (Fla.2007). This court, however, continues to require such testimony.
 
 See Snow v. Harlan Bakeries, Inc.,
 
 932 So.2d 411, 412 (Fla. 2d DCA 2006) (reversing attorney’s fee award because the defendant failed to present expert testimony as to the reasonableness of the amount of fees);
 
 Yakubik v. Bd. of County Comm’rs of Lee County,
 
 656 So.2d 591, 591 (Fla. 2d DCA 1995) (“The testimony of an expert witness concerning reasonable attorney’s fees is necessary to support the establishment of the fees.”). Especially in a case of this magnitude, it is important for a trial judge, who may be unfamiliar with the work typically performed by appellate counsel, to obtain testimony on the reasonableness of the fees and the need for the legal work. Thus, in this case, the trial court erred by awarding fees without competent, substantial evidence to support an award.
 

 We note that the appellees retained out-of-state attorneys who have been allowed to appear in these proceedings pro hac vice. They appear to have charged hourly rates in excess of those charged by competent attorneys residing within this district.
 
 See, e.g., Fla. Patient’s Compensation Fund v. Rowe,
 
 472 So.2d 1145, 1150 (Fla.1985). The appellees were certainly free to retain the attorneys of their choice. But the appellants should not have to bear liability for additional fees absent some showing that these attorneys had a special expertise that required their participation at hourly rates above those normally charged by local attorneys handling comparable cases, or a showing of some alternative basis warranting fees above the market rate in this district.
 

 Approved in part, disapproved in part, and remanded.
 

 KELLY and LaROSE, JJ., Concur.
 

 [1]
 

 . In a typical appeal, this court normally "affirms” or “reverses” an order. In this case, we are reviewing an order entered by the trial court, serving as a fact-finder and decision-maker for an issue of attorney's fees that this court referred to the trial court. We conclude that "approve” and "disapprove” are more accurate descriptions of our function in this context.
 

 Judge Altenbernd has been substituted for Justice Canady, who was the third judge on the panel that authorized an award of appellate attorney's fees.