SLEET, DANIEL H., Associate Judge.
John H. Ghannam, pro se, appeals the final judgment entered on August 21, 2014, awarding the Mark D. Shelnutt law firm $19,899126 in attorney fees for representing Ghannam during a portion of his dissolution of marriage.[1] Ghannam contends that the -trial court erred by denying his request for production of the client file, denying his motion to compel depositions, and awarding attorney fees based solely on the testimony of Mr. Shelnutt and for services provided to a nonparty corporation. We agree and reverse and remand for a new-trial.
We initially note that Mr. Shel-nutt has maintained on appeal that Ghan-nam’s failure to petition for certiorari review at the time the trial court entered its discovery orders acted as a waiver and that therefore this court lacks jurisdiction to consider these orders on appeal. We disagree. This court has jurisdiction to review nonfinal discovery orders on appeal from a final judgment. See Fla. R. App. P. 9.110(h); Behm v. Cape Lumber Co., 834 So.2d 285, 287 (Fla. 2d DCA 2002) (reversing final judgment after determining that appellants were restricted from conducting discovery in error); Rooney v. Wells Fargo Bank, N.A., 102 So.3d 734, 736 (Fla. 4th DCA 2012) (considering the appellant’s argument that it was improperly denied discovery prior to entry of the final order).
*298 Discovery of the Case File
Ghannam argues that he was entitled to discovery of his papers and Shel-nutt’s case file from the dissolution action and that therefore the court should have granted his motion to compel discovery. We agree. “An attorney’s retaining lien is a possessory interest in a client’s papers and files that the attorney holds until his fee has been paid.” Foreman v. Behr, 866 So.2d 705, 706 (Fla. 2d DCA 2003). However, when an attorney sues his client for payment of unpaid fees, he “abandons the passivity of the retaining lien” and his client is permitted to discover the attorney’s file. Fingar v. Braun & May Realty, Inc., 807 So.2d 202, 203-04 (Fla. 4th DCA 2002) (explaining that “the objecting client needs to examine the work done by the lawyer to determine the reasonableness of the fees” and that the retaining lien “cannot be used as a sword to force an inequitable situation” (quoting Goethel v. First Props. Int’l, Ltd., 363 So.2d 1117, 1121 (Fla. 3d DCA 1978))). The order denying Ghannam discovery of his former attorney’s file forced him to defend the suit brought by his attorney without the ability to effectively contest the reasonableness of the claimed fee. Accordingly, we must reverse.
The Depositions
Ghannam also alleges that the trial court erred in denying his motion to compel the depositions of Mr. Shelnutt; his office manager, Linda Seek-Shelnutt; and his paralegal, Sharon Koerner. In denying the motion, the trial court determined that Ghannam failed to properly notice the depositions, subpoena the witnesses, and cor ordinate the depositions with Shelnutt’s office. The court found that there were no notices of deposition in the court file, only a single notice rescheduling the deposition of Seek-Shelnutt.
However, the record on appeal includes notices of deposition and copies of Ghannam’s letters to Shelnutt seeking to depose all three witnesses. The record reflects that the law firm repeatedly disregarded Ghannam’s attempts to schedule the depositions prior to his filing the motion to compel. Because Shelnutt and Seek-Shelnutt are both corporate officers of the law firm, a Florida corporation, Ghannam was entitled to compel their depositions by notice rather than subpoena. See Logitech Cargo, U.S.A., Corp. v. JW Perry, Inc., 817 So.2d 1033 (Fla. 3d DCA 2002) (quashing the trial court’s order that required the defendant to subpoena, rather than simply notice under rule 1.310(b)(6), corporate representatives of the plaintiff); Plantation-Simon Inc. v. Bahloul, 596 So.2d 1159, 1162 (Fla. 4th DCA 1992) (“Clearly, a party has the right to take a deposition of an officer, directory or managing agent of a corporation or partnership or government agency,' already named and served as a party, by simple notice and without the necessity of serving the official with a witness subpoena.”); see also Fla. R. Civ. P. 1.310(b)(6). That Ghannam sought depositions from these individuals in particular, rather than making a general request for any corporate representative of the firm, has no effect on whether he was required to do so by notice or subpoena. See Racetrac Petroleum, Inc. v. Sewell, 150 So.3d 1247, 1251 (Fla. 3d DCA 2014) (holding that a party may request the depositions of specific corporate representatives pursuant to rule 1.310(b)(6)).
The record is devoid of any evidence as to Koemer’s employment other than that she was a paralegal at the firm. Accordingly, we must conclude that Ghan-nam was not entitled to compel her testimony without a subpoena. See Fla. R. Civ. P. 1.310(a). However, the record *299 demonstrates that Shelnutt and Seek-Shelnutt were corporate officers who could be compelled without subpoenas. Therefore we affirm the denial of Ghannam’s motion to compel Koerner’s deposition but reverse the denial of his motions to compel the depositions of Shelnutt and Seek-Shel-nutt. On remand Ghannam shall comply with Florida Rules of Civil Procedure 1.310 and 1.410 if he again seeks to compel the deposition of Koerner, unless he can prove that she is a corporate officer of the Shelnutt law firm.
The Fee Award
Ghannam contends that the trial court erred by awarding attorney fees that accrued as a result of Shelnutt’s efforts to obtain payment; fees related to Shelnutt’s representation of Sujo Co., which was not named as a party and did not appear in the action; and fees based only on Shel-nutt’s self-serving testimony.
With regard to any fees incurred in Shelnutt’s collection efforts, the retainer agreement attached to the complaint and signed by Ghannam contains a clause that allows recovery of reasonable attorney fees and collection costs by the prevailing party. Accordingly, we see no error in an award of fees to Shelnutt should he ultimately prevail on remand.
However, the trial court erred in awarding Shelnutt attorney fees incurred in his representation of Sujo Co., which was not named as a party to this action. Although Florida public records list Ghan-nam as the corporate representative for Sujo Co. until 2012, his “control” over the corporation during the period of representation by Shelnutt alone is not a sufficient basis for holding-him personally responsible for fees incurred by the corporation. See Trans Health Mgmt. Inc. v. Nunziata, 159 So.3d 850, 858 (Fla. 2d DCA 2014). There is nothing in the record on appeal that supports an award of fees incurred by the corporation against Ghannam personally. See E & A Produce Corp. v. Olmo, 864 So.2d 447, 448 (Fla. 3d DCA 2003) (“Officers of a corporation are not liable for corporate acts simply by reason of the officer’s relation to the corporation.” (citing Checkers Drive-In Rests., Inc. v. Tampa Checkmate Food Servs., Inc., 805 So.2d 941, 944 (Fla. 2d DCA 2001))). If Shelnutt intended to seek fees incurred by Sujo Co., he should have named Sujo Co. as a defendant in his complaint. “[A]ll persons materially interested, either legally or beneficially, in the subject-matter of a suit, must be made parties either as complainants or defendants, so that a complete decree may be made binding upon all parties.” Nunziata, 159 So.3d at 857-58 (quoting Oakland Props. Corp. v. Hogan, 96 Fla. 40, 117 So. 846, 848 (1928)).
We are also concerned that the trial court entered final judgment in favor of Shelnutt without the benefit of expert testimony regarding the reasonableness of the claimed attorney fees. “Florida has a long-standing practice of requiring testimony of expert fee witnesses to establish the reasonableness of attorney’s fees.” Snow v. Harlan Bakeries, Inc., 932 So.2d 411, 412 (Fla. 2d DCA 2006). Although Shelnutt and his staff gave sworn testimony about the amount of time each expended and their respective rates, an expert witness is also required under Florida law to testify regarding the reasonableness of the amount of fees sought. See Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351, 352-53 (Fla.1987) (“[T]he testimony of an expert witness concerning a reasonable attorney’s fee is necessary to support the establishment of the fee.”); Snow, 932 So.2d at 412 (holding that “the trial court erred in establishing the amount of attorney’s fees” where “there was no testimony from an expert witness on the reasonable *300 amount of the fees”); Robin Roshkind, P.A. v. Machiela, 45 So.3d 480, 481 (Fla. 4th DCA 2010) (“[CJase law throughout this state has adhered to the requirement of an independent expert witness to establish the reasonableness of fees, regardless of whether a first or third party .is responsible for payment.”). We are aware that the Fifth District has questioned “the continued need for this judicially-created rule” and has refused to apply it in distinguishable situations. Sea World of Fla., Inc. v. Ace Am. Ins. Cos., 28 So.3d 158, 160-61 (Fla. 5th DCA 2010) (acknowledging “the general rule in Florida .,. that independent expert testimony is required” to support attorney fee awards but distinguishing between cases where a party seeks fees incurred in the same underlying action from opposing counsel and where a party seeks fees “previously incurred ..: as an element of damages in a breach of contract action” from a third party). However, Florida courts still require an independent expert witness to testify as to the reasonableness of the claimed fees on the facts presented in this case,[2]
Conclusion
Because the trial court erred in denying Ghannam’s discovery motions and awarding attorney fees for services provided to a nonparty corporation and without supporting testimony from an independent expert witness, we reverse. Ghannam also challenges the trial court’s award of fees to Shelnutt for his appearances at hearings on Ghannam’s discovery motions. The record reflects that Ghannam was required to and did pay those fees prior to the entry of the final judgment now on appeal. Because the trial court erred in denying Ghannam’s discovery motions, we also reverse the award of fees for Shelnutt’s appearances at the discovery hearings.
Affirmed' in part, reversed in part, and remanded for proceedings consistent with this opinion.
CASANUEVA, DARRYL C. and SILBERMAN, MORRIS, Associate Judges, Concur.

. The Second District has been designated to serve as the Fifth District in this case, all members' of the Fifth District being recused.

.' The Second District continues to require expert testimony from attorneys uninvolved in the underlying case to support a trial court's award of attorney fees. Sourcetrack, LLC v. Ariba, Inc., 34 So.3d 766, 768 (Fla. 2d DCA 2010). This court does not make a distinction between whether the attorney fees are sought in the underlying action or from a third party in a breach of contract action. See Lafferty v. Lafferty, 413 So.2d 170, 171 (Fla. 2d DCA 1982) ("[A]n attorney’s fee must always be proved through the presentation of [expert witness] testimony,” (emphasis added)).