NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH S. SCIANDRA and LISA )
SCIANDRA )
                                    )
      Appellants, )
                                    )
v. )    Case No. 2D15-5189
                                    )
PENNYMAC CORP. )
                                    )
      Appellee. )
_____ )

Opinion filed May 19, 2017.

Appeal from the Circuit Court for Pinellas
County; Karl B. Grube, Judge.

Mark P. Stopa, of Stopa Law Firm, Tampa,
for Appellants.

Nancy M. Wallace, of Akerman LLP,
Tallahassee; William P. Heller, and Andrew
R. Ingalls, of Akerman LLP, Fort Lauderdale;
and Adam G. Schwartz, of Akerman LLP,
West Palm Beach, for Appellee.


BADALAMENTI, Judge.

        Joseph and Lisa Sciandra appeal a final judgment of foreclosure in favor

of PennyMac Corp. The Sciandras argue that the trial court improperly awarded

attorney's fees of $11,309 to PennyMac because PennyMac failed to present expert

testimony as to the reasonableness of their attorney's hourly rate and hours expended. We agree. See Sourcetrack, LLC v. Ariba, Inc., 34 So. 3d 766, 768 (Fla. 2d DCA 2010) (first citing Snow v. Harlan Bakeries, Inc., 932 So. 2d 411, 412 (Fla. 2d DCA 2006); then citing Yakubik v. Bd. of Cty. Comm'rs, 656 So. 2d 591, 592 (Fla. 2d DCA 1995)).

We thus reverse the award of attorney's fees, and remand with instructions to reduce the amount of the final judgment of $657,262.35 by $11,309 to $645,953.35.[1] We affirm the final judgment of foreclosure in all other respects.

Affirmed in part; reversed in part; remanded with instructions.

CASANUEVA and SALARIO, JJ., Concur.

---

[1]Generally, if a prevailing party fails to present independent expert testimony to support an award of fees at the trial level, but the record is not completely devoid of evidence as to the rate and hours of the prevailing party's trial counsel, we would remand for a further determination as to the amount of the prevailing party's fees. Snow, 932 So. 2d at 413 (citing Rodriguez v. Campbell, 720 So. 2d 266, 268 (Fla. 4th DCA 1998)). However, PennyMac has stipulated that this court should simply subtract the award of fees and costs from the amount of the final judgment without the need for remand.