NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT F. RAFF and BERNICE R.           )
RAFF,                                    )
                                         )
            Appellants,                  )
                                         )
v.                                       )        Case No. 2D16-4721
                                         )
CITIMORTGAGE, INC.,                      )
                                         )
            Appellee.                    )
_____)

Opinion filed May 24, 2019.

Appeal from the Circuit Court for Lee
County; Michael T. McHugh, Judge.

Mark P. Stopa of Stopa Law Firm, LLC,
Tampa (withdrew after briefing), and
Latasha Scott of Lord Scott, PLLC,
Tampa (withdrew after briefing), for
Appellants.

Nancy M. Wallace and Ryan D.
O'Connor of Akerman LLP, Tallahassee;
and William P. Heller of Akerman LLP,
Fort Lauderdale, for Appellee.


CASANUEVA, Judge.

            Robert F. Raff and Bernice R. Raff appeal a final judgment of foreclosure

entered in favor of Citimortgage, Inc.  We find merit only in their argument that the trial

court improperly awarded attorney's fees to Citimortgage, and we reverse that portion of the final judgment.

The Raffs argue, and Citimortgage concedes, that there was insufficient evidence to support the award of attorney's fees. In <u>Sourcetrack, LLC v. Ariba, Inc.</u>, 34 So. 3d 766, 768 (Fla. 2d DCA 2010), this court noted that an award of attorney's fees must be supported by expert testimony from attorneys who are not involved in the case. In the present case, the only testimony offered at trial to support an award of attorney's fees came from an employee of Citimortgage. She testified that Phelan Hallinan represents Citimortgage in this action and that Citimortgage is required to pay Phelan Hallinan a reasonable fee for its services. She was asked, "Can you tell me how much you are asking for?" The witness responded, "$3,717.50." As Citimortgage now concedes, this testimony was insufficient to support the award of fees. See <u>Sciandra v. PennyMac Corp.</u>, 227 So. 3d 164, 164 (Fla. 2d DCA 2017) ("[T]he trial court improperly awarded attorney's fees of $11,309 to PennyMac because PennyMac failed to present expert testimony as to the reasonableness of their attorney's hourly rate and hours expended.").

Therefore, we reverse the award of attorney's fees and remand with instructions to reduce the amount of the final judgment by $3,717.50. We affirm the final judgment of foreclosure in all other respects.

Affirmed in part; reversed in part; remanded with instructions.

BLACK and LUCAS, JJ., Concur.