DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DALE ECHEVERRIA,**
Appellant,

v.

**SUZANNE J. TROMBINO,** individually, and as trustee of **THE FAMILY TRUST CREATED UNDER THE JOSE I. ECHEVERRIA 2006 TRUST,** and as trustee of **THE DOROTHY JEANNE 2006 TRUST,**
Appellee.

No. 4D2023-0739

[March 20, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502021CP003785XXXXSB.

Michael W. Kirshon, Boca Raton, for appellant.

Peter M. Feaman and Nancy E. Guffey of Peter M. Feaman, P.A., Boynton Beach, for appellee.

FORST, J.

Dale Echeverria timely appeals the trial court's order awarding appellate attorney's fees and taxing as a cost an expert witness's fee for testifying as to the reasonableness of those appellate fees. This order was entered pursuant to this Court's reversal opinion and attorney's fees order in *Trombino v. Echeverria*, 348 So. 3d 1150 (Fla. 4th DCA 2022). Our order permitted the trial court to award attorney's fees to Suzanne J. Trombino (individually and as trustee of two family trusts) if it found that the equities favored the imposition of fees under section 736.1004, Florida Statutes (2022). Once the case was returned to the trial court, Trombino moved for fees, arguing that equities favored awarding her fees. Echeverria argued that it was premature to award appellate fees because the underlying lawsuit's merits had not been decided yet. The trial court determined Trombino was entitled to fees.

The trial court then held a hearing on the fees amount. Trombino presented evidence showing the attorney's fees and costs spent on the

appeal.  To prove the fees amount was reasonable, Trombino proffered an attorney's fees expert, who testified the fees amount was reasonable.  The expert testified that he spent 4.2 hours reviewing the evidence and testifying at the hearing, which resulted in his $1,260 fee.  Echeverria also proffered an expert, who testified that a lower amount of appellate attorney's fees than Trombino had requested would have been reasonable.  After the hearing, the trial court awarded appellate fees in the amount which Trombino had requested and awarded costs, which included the full amount of the expert's fee.

Echeverria argues on appeal that the trial court erred in determining the equities of the fee award prior to determining the underlying lawsuit's merits and that competent substantial evidence did not support the trial court's fee award.  We affirm on both issues without discussion.

Echeverria also argues on appeal that the trial court erred in taxing as a cost an expert's fee for his testimony on the reasonableness of Trombino's appellate attorney's fees.  We also affirm on this issue, but write to clarify our rationale.

A trial court's determination to tax expert witness fees as a cost is reviewed for abuse of discretion.  *United Auto. Ins. Co. v. Path Med., LLC*, 359 So. 3d 854, 854 (Fla. 3d DCA 2023).  Section 92.231(2), Florida Statutes (2022), governs expert witness fees and provides that "[a]ny expert or skilled witness who shall have testified in any cause shall be allowed a witness fee . . . and the same shall be taxed as costs."  In *Travieso v. Travieso*, 474 So. 2d 1184 (Fla. 1985), our Supreme Court clarified that "when a person is called to testify in any cause if such person is presented and accepted by the court as an expert, the party calling the witness may have an expert witness fee taxed if costs are awarded to that party."  *Id.* at 1185.

Cases applying *Travieso* have established that the trial court has the discretion to determine whether to award expert fees for experts testifying as to the reasonableness of attorney's fees.  *See, e.g., B & H Constr. & Supply Co. v. Dist. Bd. of Trs. of Tallahassee Cmty. Coll., Fla.*, 542 So. 2d 382, 392 (Fla. 1st DCA 1989) ("Under *Travieso*, the issue of taxing costs for the fee of an attorney who testifies as an expert as to the reasonableness of attorney's fees, is discretionary . . . ."); *Bystrom v. Fla. Rock Indus., Inc.*, 513 So. 2d 742, 743 (Fla. 3d DCA 1987) ("[A] trial judge has discretion to determine reasonable expert witness fees and tax these fees as costs."); *O'Boyle v. Town of Gulf Stream*, 341 So. 3d 335, 342 (Fla. 4th DCA 2022) (same); *United Auto. Ins. Co. v. Feijoo*, 356 So. 3d 304, 305 (Fla. 3d DCA 2023) (same).

2

Here, considering that the trial court is in a better position to address whether expert fees are proper, we conclude that the trial court did not abuse its discretion in taxing the expert's fee as a cost. We also note that Echeverria called his own fees expert at the hearing. Thus, we affirm.

*Affirmed.*

DAMOORGIAN, J., concurs.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I agree with the affirmance of the attorney's fees and costs. I write to explain my concurrence in the taxation of the attorney expert witness fee.

Trombino sought to tax her expert's fee as a cost based upon section 92.231, Florida Statutes (2022). That statute covers the assessment of expert witness fees in general and provides that any expert who testifies in a case *shall* be allowed a witness fee to be taxed as costs. *Id.*

However, in *Travieso v. Travieso*, 474 So. 2d 1184 (Fla. 1985), the supreme court construed the statute as providing discretion to award expert fees as costs when an attorney testifies as an expert as to the reasonableness of the attorney's fees being requested. The court wrote:

> We hold that pursuant to section 92.231, expert witness fees, at the discretion of the trial court, *may* be taxed as costs for a lawyer who testifies as an expert as to reasonable attorney's fees. *We do not hold that such expert witness fees must be awarded in all cases.* Generally, lawyers are willing to testify gratuitously for other lawyers on the issue of reasonable attorney's fees. This traditionally has been a matter of professional courtesy. An attorney is an officer of the court and should be willing to give the expert testimony necessary to ensure that the trial court has the requisite competent evidence to determine reasonable fees. *Only in the exceptional case where the time required for preparation and testifying is burdensome, should the attorney expect compensation.*

*Id.* at 1186 (second and third emphasis added). Notably, Justice Ehrlich dissented in part, contending that the statute made the assessment of expert witness fees mandatory, not discretionary. *Id.* at 1187 (Ehrlich, J.,

3

concurring in part and dissenting in part).  He objected to the court creating a judicial exception to the statute.  *Id.*

In this case, appellant did not challenge the expert's fee on the basis of the trial court's discretion to award or deny fees, as allowed by *Travieso.* And while in its order awarding fees, the trial court expressed doubt as to the necessity of the expert's testimony, Florida law continues to require expert testimony as to the reasonableness of fees when fees are sought against an adverse party.  *See Crittenden Orange Blossom Fruit v. Stone,* 514 So. 2d 351, 352–53 (Fla. 1987) ("[I]t is well settled that the testimony of an expert witness concerning a reasonable attorney's fee is necessary to support the establishment of the fee."); *Ghannam v. Shelnutt, P.A.*, 199 So. 3d 295, 299-300 (Fla. 5th DCA 2016) (same); *Robin Roshkind, P.A. v. Machiela,* 45 So. 3d 480, 481 (Fla. 4th DCA 2010) (same).

Hearings for the assessment of reasonable attorney's fees have become much more complicated and time consuming since 1985 when the supreme court decided *Travieso,* and the time spent reviewing an attorney's work and testifying at a fee hearing has increased substantially. No longer does one find an attorney at the courthouse on the day of the hearing to briefly review the case file and opine on the fee.  More likely, this case is an example of a typical contested fee hearing.  In this case, the attorney testified for several hours over two different hearing days.  As the *Crittendon* court noted in worker's compensation cases, for an attorney to prepare and leave one's office for long periods of time in order to testify as an attorney's fee expert is a substantial imposition, made necessary by a contested hearing on attorney's fees.  514 So. 2d at 352.

I believe that Justice Ehrlich was correct that the statute makes the imposition of expert witness fees mandatory, and that statute includes expert witness fees for an attorney testifying as to the reasonableness of an attorney fee.  But even if the majority in *Travieso* was correct, where an expert is faced with a substantial burden, it is unfair to expect uncompensated testimony as a matter of "professional courtesy," and these costs should be compensated by the non-prevailing party.  In such cases, the court should exercise its discretion to award these witness fees. I therefore concur in the affirmance of the assessment of the expert witness fee as a cost in this case.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***